## S. M. HOLLIS v. J. W. SHAFFER.

1. PARTNERSHIP — *Dissolution* — *Contract* — *Injunction, When.* H. and S., copartners, dissolved; H. agreed to take all the property and pay all the debts of the partnership; S. agreed to give H. his good-will in the business, and not to engage in said business at a certain place so long as H. should carry it on. In an action by H. to enjoin S. from prosecuting the business at such place, he must aver and prove that he has substantially performed his part of the contract before he is entitled to an injunction.

2. CONTRACT — *Substantial Performance, Not Proven.* When, at the commencement of such action, H. has not paid a debt of the partnership that is overdue, but has deposited with the creditor notes due the firm as collateral security, but there is no evidence tending to show the value of such notes, a substantial performance of his contract with S. is not proven.

*Error from Clay District Court.*

ACTION by *Hollis* against *Shaffer,* to restrain the defendant from selling windmills, pumps, etc., in certain counties in this state. Trial by the court, at the January Term, 1886, and judgment for defendant. The plaintiff brings the case here. The facts sufficiently appear in the opinion.

*M. M. Miller,* and *C. M. Anthony,* for plaintiff in error.
*Harkness & Godard,* for defendant in error.

Opinion by HOLT, C.: In 1883 S. M. Hollis, the plaintiff in error, plaintiff below, entered into a copartnership with J. W. Shaffer, the defendant, to engage in the business of selling windmills, pumps, etc., in Cloud, a part of Clay and adjacent counties. Upon the 7th of November, 1884, the copartnership was dissolved by mutual consent, and a contract was entered into whereby the plaintiff purchased all of the stock, notes and property of the partnership for the purpose of carrying on the old business in the territory formerly occupied by the firm. It was agreed that Hollis should pay all liabilities of the firm, and also, in the language of the contract, "it is further agreed by the said J. W. Shaffer that he shall give to

the said S. M. Hollis his good-will in the business, and also agrees not to engage in the same business·in the territory now belonging to said Hollis & Shaffer, while said S. M. Hollis is engaged in the same." The plaintiff continued to prosecute this business in the same territory until this action was tried; the defendant, on the 20th of April, 1885, formed a copartnership with one Seger for the purpose of selling windmills and pumps within the territory formerly occupied by Hollis & Shaffer. Plaintiff brought this action in the district court, and obtained a temporary injunction, enjoining the defendant from carrying on such business. At the January term, 1886, the cause was tried by the court, and judgment was rendered for the defendant. No special questions of fact were submitted, and no facts were found by the court.

It is not questioned that the court had authority to enjoin defendant from again engaging in this business in the territory embraced in his contract of dissolution with plaintiff. He had conveyed his good-will in the business, and had contracted not to engage in the same business again as long as the plaintiff should carry it on. The courts have ample authority to execute such a contract, perhaps negatively, by an injunction restraining the party so contracting from setting up a new business, and thereby designedly drawing off the customers from the one established.

The defense urged is, that the plaintiff had not performed his part of the contract. It appears from the testimony that when the partnership existing between plaintiff and defendant was dissolved, the firm was indebted to Sherrard & Searles, of Atchison, Kansas, in a considerable sum, in the aggregate amounting perhaps to $2,000. The firm had given notes at various times to Sherrard & Searles, and had deposited as collateral security, notes made payable to themselves. There is a conflict of testimony as to whether a portion of the notes made payable to Hollis & Shaffer were transferred to Sherrard & Searles as collateral security, or to be applied as part payment of their indebtedness. We shall not pass upon this question, except to say that, as the judgment was for the de-

fendant, it will be presumed that the court below found, as it had ample grounds under the evidence to do, that there was remaining of the indebtedness of Hollis & Shaffer to the Atchison firm upon their notes, an amount which the plaintiff himself regarded as secured by collateral notes, furnished them by himself and the firm of Hollis & Shaffer. Among other notes given by Hollis & Shaffer to Sherrard & Searles, was one of $1,783.60, due on the 1st day of January, 1885. That note was not paid in full when it became due, and at the time of the trial of this action about $650 remained unpaid upon it, according to the testimony of the plaintiff himself. It is in evidence that there were collateral notes in the hands of the Atchison firm, nominally for $1,300, to secure the payment of this amount remaining unpaid. There was testimony offered tending to show that the Atchison firm was not pressing plaintiff for the payment of said balance, and it was established that he had paid every demand presented to him, except the one item of $3, about which there is a great amount of testimony which is unimportant in this case.

The defendant claims that because the amount of $650 was due and unpaid, the plaintiff had not fully complied with his part of the contract, and therefore that he could not maintain this action. The principle is fundamental, that the party seeking a remedy of this nature against another must show as a condition precedent to his obtaining such remedy, that he has fully complied with the contract on his part, or that he is willing and ready to comply. There is no averment in plaintiff's petition that he has performed the conditions of the contract entered into with the defendant; there was some evidence introduced during the progress of the trial, however, in regard to the payment of the liabilities of the firm. The defendant contends that the payment of the liabilities of the firm was an essential part of the contract, and must have been fully complied with before the bringing of this action, while the plaintiff claims that, as the time of the payment was not designated in the contract itself, it is not necessary that he should have paid the full amount of the liabilities of the firm, pro-

vided he had relieved the defendant from liability thereon. We are inclined to believe that the contention of the plaintiff in this matter is correct, but from an examination of the testimony we fail to find that the defendant, as a matter of fact, was relieved from such liability. There is some evidence that the defendant was insolvent, and it might fairly be inferred, although not positively testified to, that the plaintiff was solvent; yet it is in testimony that the Atchison firm informed the defendant that it should look to him for payment of its claims against the old firm of Hollis & Shaffer, if necessary. If the deposit of these collateral securities had been equivalent to payment, we presume the defendant might fairly have been presumed to have been relieved of all liabilities under the contract between Sherrard & Searles and plaintiff; but a part of those notes were turned over as security, and there is no testimony concerning their value.

We believe that the absence of an averment in the petition that the plaintiff had performed his contract in full, or that he was ready and willing to do so, and the absence of the proof establishing the fact that Sherrard & Searles took the notes deposited with them as payment of the indebtedness of Hollis & Shaffer, or that those collaterals were of sufficient value to pay said indebtedness, are fatal to the plaintiff's claim for relief. There is considerable testimony which did apparently seem favorable to the plaintiff in this action, and it may be that the real facts might justify the granting of an injunction; but under the pleadings and the evidence brought here, we are constrained to believe that the decision of the court was correct, and therefore recommend that it be affirmed.

By the Court: It is so ordered.

All the Justices concurring.